Well, we're happy to see you here, even if you're not too happy to be here. Thank you, Your Honor. Thank you for having us. Can I ask a question before anybody says anything? Just because we had some discussion among the panel as to whether we should proceed at all, given the status of the case. And I know from your joint submission that the FTC commissioners have to approve this settlement and have no idea personally how likely or unlikely that is. But another fact has changed in the interim, which is that Mr. Braswell is now out of custody. And that, it would seem to me, changes the factual predicate of the decision that the district court made. So if we could just address that. I mean, how does that affect your writ petition? Significantly, Your Honor. I believe, as the Court knows, there are two main issues with the writ petition, one having to do with the requirement by the district court that we disclose the basis of the Fifth Amendment, and the second having to do with the act of production of privilege. What Your Honor is addressing is the district court's linchpin of that argument was that Mr. Braswell was in custody. He is not being in custody changes the very nature of the argument and makes the act of production of privilege virtually appropriate and applicable. Let me now jump back to the settlement issue and then work my way into the argument. Well, I'm just wondering, because we had some discussion among us as to whether it made practical sense to proceed, and the majority of the panel felt that it did since the settlement status is uncertain. But I certainly wanted to ask you more about that, that point. But now I'm concerned also that perhaps the issue that's raised by the petition either is moot or it's one that the district court ought to have an opportunity to opine on again in the event that there isn't a settlement, you know, under the Criteo case. I believe with respect to the second issue on the act of production, Your Honor, I believe this Court would be absolutely entitled to remand to the district court for findings as to whether Mr. Petitioner would submit, however, that based on that fact and the law with respect to the act of production privilege, this Court could go ahead and issue the writ of mandamus overturning the district court's discovery order. I believe the Court could handle that either way that the Court saw fit. With respect to the settlement, I would like to address that first and also request that I have three minutes for rebuttal. Trial in this case began on November 15th. After roughly two weeks of trial, the parties reached a settlement in principle. The district court suspended the trial to allow for further settlement negotiations. It was at that point that the parties notified this honorable court that we had reached a settlement in principle and made the motion to continue the hearing. Since that time, the additional information is that Mr. Braswell has signed the settlement agreement. The FTC anticipates that by December 16th, the commissioners will vote upon whether to accept or reject the settlement agreement. The district court has also indicated that should the agreement be approved by the commissioners, the court would enter the proposed judgment and both parties agree that that would end the litigation between the parties and would render the discovery battle moot. We would ask on behalf of the petitioner that given this settlement posture, that this court should give the settlement process a chance to run its course before issuing any ruling on the merits. We should know one way or the other within a matter of a week or two weeks at most. Moreover, there is no urgency to lift the stay that's currently in place. A trial has been suspended at this point. Secondly, the FTC did not ask that the district court to continue the trial date pending this court's ruling, nor did the FTC ask to have this court expedite the hearing on this mandamus petition. And as we are two weeks into trial, it's plain that the FTC does not believe it needs this discovery to try its case. So we would ask that in any event, we give peace a chance and hope that... Someone asked for this to be expedited because it was expedited in the circuit court. Yes, Your Honor. Probably it would not even be on for hearing this soon. Your Honor, I believe it was on behalf of petitioner. When we filed the petition for writ of mandamus, we also filed an emergency motion for stay, and I believe it was Your Honor that was part of the panel that granted the stay at that time. And that stay has been in place ever since. So you're in no hurry once the stay is there. That's right. May I ask a question? This is kind of irregular, but I was one of the judges who wanted you to come in. Does the FTC take any different position with regard to this procedurally? Why don't we hear a bit from the FTC and then... Certainly. Because I may be willing to change my mind based on what I've heard. We'll give you more time. I just would like to know... That's the fastest argument I've ever had. It's rather unusual, but... Your Honor, if this settlement goes through, if the commission ultimately, the four commissioners ultimately accept the settlement, then this case is rendered moot. Is this resettlement something that's likely to be controversial or is... I don't know why it would be controversial, Your Honor. However, I can't speculate as to what the commission will do. The decision as to whether the commission accepts it or rejects it is made several rungs on the play level above where I sit. That was why I was hesitant to just let this go, particularly since there was an expedited petition. Yes. But let me ask you another question. Let's say the FTC commissioners reject the settlement. Yes, Your Honor. What is your thought as to the appropriateness of the case going back to the district court because of the change in factual circumstances? Yes, Your Honor. I think the case, with respect to one portion of the petition, it's appropriate for it to go back to the district court. This court should deny mandamus because relief is potentially now available from the district court through a 60B motion for relief from the order because there has been a petition for mandamus. That's the issue with respect to document production. Now, there's another issue as well, and that is their argument. That is the portion of the court's order that requires Braswell to disclose his basis for asserting the Fifth Amendment privilege. If the settlement isn't accepted, which I think this court has to assume if this court's not going to put pen to paper until this court knows that the settlement has been rejected. So assuming the settlement has been rejected and the trial is ultimately going to go forward, then the document issue is a live issue because the court has to consider the document issue is a live issue because the court has to consider, as it has never considered before, whether if Mr. Braswell is actually turning over the documents, whether the document production privilege of the Fifth Amendment would apply. And if the court has to reach that consideration, then the second issue comes up because it's important for the commission to know the basis of Mr. Braswell's assertion. But you don't get to the second issue unless the district court changes, unless the district court reaffirms its ruling on the first one. We don't get to the second issue unless the district court considers the issue. Once the district court is considering the issue, the commission has to have an opportunity to respond to the arguments that they would make. But the district court has to be willing to revisit the issue of the Fifth Amendment privilege in the first instance, the active production privilege. Otherwise, we're just where we are right now. That's correct. If they deny it, if they deny it, then perhaps if the court, the district court denies it, then perhaps it's appropriate for, on some basis or other, then it's appropriate for Mr. Braswell to petition for a writ of mandamus at that point. But it's not appropriate now because the crucial criterion for entry of a writ of mandamus, that the relief not be available elsewhere, isn't met right now because the district court still has to consider the factual issues that have not been considered in this case. Is that true for the second issue? That's what I was trying to get at. No. No, it's not true with respect to the second issue. The second issue has been the second issue does not change. I guess what I should say is the fact that Mr. Braswell is no longer incarcerated does not change the second issue. Right. However, that issue, if the district court gets to considering the factual issue with respect to document production, then it's important for the Federal Trade Commission to know the reasons why Mr. Braswell is asserting at least the basis for his assertion of the Fifth Amendment privilege so that it can respond to any arguments he makes. Otherwise, although the district court is the ultimate arbiter of his assertion of privilege claim, there is nothing that suggests that the court should reach its determination with respect to the privilege having heard only Mr. Braswell's side of the story. Well, that's what's a little puzzling to me. Do you have any case authority to support the court's ruling that Mr. Braswell was required to divulge the basis for his Fifth Amendment privilege? That was unusual to me. Do you have any case authority to support that? Well, Your Honor, nothing direct, but I guess maybe a see-also site would be United States v. Neff. That's 615 Fed Second, page 1235. That's the Ninth Circuit decision. And if you look at page 1240, the court, citing a 1940 decision from the Second Circuit by Judge Learned Hand, noted that when there has been an assertion of privilege, the one claiming the privilege has to open the door ajar so that the privilege can be appropriately litigated. Here, Mr. Braswell has to open the door ajar so that the FTC has an opportunity to respond to the arguments that he may make. I know of no case that specifically that is on all fours with this case. However... Counsel, let me read this language from page 40. It says, obviously a witness may not be compelled to do more than show that the answer is likely to be dangerous to him, else he will be forced to disclose those very facts which the privilege protects. That seems to be contra to your argument. No, I don't think so, Your Honor. He's not required to disclose to us all the documents. I think if he were disclosing to us all the documents, then that would be a problem. But that's not what the commission is asking. The commission is asking for the names of crimes. I think that's what the court is referring to, or it would be analogous to what the court is referring to, when it says opening the door ajar. It recognizes that even in opening the door ajar, there is potentially some loss of privilege. Okay. So your argument is that Mr. Braswell should be required to inform you as to which crimes he thinks he might be charged with if he testifies. Yes, Your Honor. That's the names of crimes. Okay. And you need that, you think, in order to do what? To respond to arguments he's going to make, or he may make, assuming this case goes forward, with respect to the document production privilege. The district court below considered as a factual matter whether Mr. Braswell would be incriminated, whether Mr. Braswell would be incriminated if he were to disclose the names of crimes to the commission, just the names of the crimes. And the court found that there would be no incrimination whatsoever if he just were to disclose the names of crimes. How could there be, Your Honor? Imagine that somehow, unbeknownst to the commission, Mr. Braswell is currently the subject of some law enforcement investigation by some criminal authority, a State authority or a Federal authority or something. It's not possible that there would be any substantial or real additional incrimination if he were merely to disclose the names of crimes he's already being investigated about. And so that's a little different than what's being sought. What's being sought is the names of crimes that he fears he might be subjected to if, based on the information, based on the Fifth Amendment privilege that he's asserting, not what crimes he's being investigated for. Not just that he fears he'll be investigated for, that he's concerned that he'll be incriminated with respect to. If he's being investigated, there's no additional incrimination. If he's not being investigated, it's hard to imagine that there would be any substantial or real incrimination. I can't say he may be afraid of it, but there wouldn't be any objectively substantial or real incrimination if he were merely to disclose the names of crimes he's not being investigated about. Well, why? I mean, he may have done something that you don't have any idea about, and he gives you a crime you never even thought of. Wouldn't that cause you to investigate? No. We're not a criminal law enforcement authority, Your Honor. No, but I mean a crime affecting your functions as an agency. Well, Your Honor, the fact is the Federal Trade Commission here is working a little bit in a black box. But the district court received information from Braswell, received various documents that I believe have been submitted to this Court on camera. We haven't seen them. But it determined, based on Mr. Braswell's submissions, that there would be no additional incrimination. There would be no incrimination if he were merely to disclose the names of crimes to the Federal Trade Commission. Counsel, the way this normally works, when I was a district court judge, if someone invoked the Fifth Amendment, and I had a question in my mind regarding whether or not the invocation was legitimate, that's exactly what happened, was the basis of the invocation was given to me in camera, and then I decided whether or not the Fifth Amendment invocation was valid or not. And at that point, it's over. I mean, if someone validly invokes the Fifth Amendment, that's the end of it as far as I'm aware of in jurisprudence as it exists today. But, Your Honor, in all the cases cited by Mr. Braswell, there was, I believe in all those cases, an in-camera submission to the Court. But it was always clear from the Court's opinion, and the Court put it on the public record, what crime it was considering as to whether there would be any possible incrimination. The name of the crime was never held in camera. What was held in camera was the documents, the contents of the documents or other specific responses to interrogatories, not the name of the crime. The name of the crime is always put in the Court's decision, and that way the other side has an opportunity at least to address the – in a limited basis the arguments they make. I think the crime is always put in. I know I didn't articulate to the audience what the crime was that was at issue. And, you know, you can make up some silly examples, but if one of the crimes Mr. Braswell were required to disclose is murder, you know, nobody's accused him of murder in this case, but you could argue that that disclosure, if he's required to make it, would give law enforcement a lead that they might not otherwise have. And so it seems to me at the very least it's case-specific. Yes, Your Honor. And the district court made that case-specific determination. It made a factual determination, which this Court should not overturn unless it finds it to be clearly erroneous. Right. Well, that's – I think that's right. I think the standard is we have to look and say could any reasonable – in this case the magistrate, because the magistrate has made – the magistrate's decision clearly erroneous. That's exactly right. That's right, Your Honor. Is it just a factual issue? Oh, I think it is, Your Honor. I think it is. The magistrate judge and the district court judge, I presume, and maybe this Court has already seen all the evidence, but it considered it and it determined that that – that giving that information to the commission, the names of the crimes, would not in any way incriminate Mr. Braswell. I believe that's a factual determination, and it should not be overturned. And even if it's not a factual determination or even if it's slightly a legal determination, we're here on a petition for a writ of mandamus. And the standard of review on a petition for a writ of mandamus is different than the standard of review on a normal appeal. This Court has to determine that the decisions, and I presume even legal decisions, are clearly erroneous, that they have to be. You're making your assumption that the settlement falls through. The case is back in the district court under different circumstances. Yes. Could the district court resolve this issue without reaching the question of the disclosure of the names of the crimes? Well, Your Honor, I suppose what could happen is the matter goes back to the district court. Mr. Braswell asks under Rule 60b for a reconsideration of the Court's order. The Court simply reconsiders the evidence to determine whether Mr. Braswell would be incriminated if he disclosed the documents to the commission and it found no incrimination. And then those documents would be turned over. Without the Court having to enforce that portion of its order that requires Mr. Braswell to disclose to the commission is the basis for asserting the Fifth Amendment privilege. So it could happen. We can't really frame any kind of relief settlement aside. We can't really frame any relief until we see what the district court does. This is the question I was trying to get at earlier. It's not moot, but the district court has to start over because Mr. Braswell is out of custody. And whatever relief it fashions and the arguments you're making obviously are going to come into play, as are the arguments that Mr. Braswell is making. Yes, Your Honor. But it's going to be a different order. It's going to be a different reality based on different premises. And that's why this Court should simply dismiss the petition without really mandating this. Without prejudice. Yes, certainly, because if the district court ultimately does, assuming the matter goes back to trial, if the district court reconsiders this matter and determines that the commission is entitled to the documents, not based on its original arguments because Mr. Braswell is no longer incarcerated, but then he would be free to file another petition for a writ of mandamus. So that, yes, what this Court should do at this point is simply dismiss the petition. That doesn't take care of the disclosure requirement, though, which is the more troubling aspect of the order to me. No, Your Honor. But the disclosure provision, the district court's decision with respect to disclosure was based solely on a fact that is no longer true, on a fact that has changed, that he was incarcerated. The district court determined that the Fifth Amendment privilege did not apply because he was incarcerated and because the disclosure would be made by his attorneys. Now, I presume that it was that portion of the determination that piqued this court's interest and caused it to enter the stay and to — I'm talking about the portion of the order that required him to disclose the basis for the Fifth Amendment. That was, irrespective of whether he was incarcerated or not, that's still an issue, the same issue, isn't it? Yes, it is, Your Honor. But the district court, if this matter gets back before the district court, the district court is free to decide that, to enforce that portion of its order or to decide that it doesn't need to enforce that portion of its order at that point. Don't you think the district court would welcome some guidance on that issue before it looked at it again? Perhaps, Your Honor. I can't speculate, but I don't think that it's necessary at this point. But even if this court does choose to address that issue, assuming that the settlement falls through, it is a factual determination that should not be overturned on a clearly — on a petition in the context of this petition for a writ of mandamus. Thank you. Thanks. I'm not quite sure where to start now, Your Honors. I guess I'll — Let me start with a question to you, then. Yes. Do you agree with opposing counsel that the cases that you cited in challenging the district court's order to divulge the crime, do you agree that the cases you've cited always name the crime? Absolutely not. Your Honor, what happens in those circumstances is this. In those cases where the court, the defendant, and the prosecutor or the plaintiff are aware of what they're talking about, it's discussed in open court. In those cases where the prosecution or the plaintiff doesn't know the nature of the Fifth Amendment, it's never discussed. Okay. What's your best case authority to support your argument that where the parties are unaware of the nature of the offense, it's never discussed in court? What's your best case? Well, Your Honor, there is no case that we were able to find right on point that says that. Yeah, but what's your best analogous authority? Well, Your Honor, I believe the lead cases of Hoffman and Castagar and the main United States Supreme Court cases that discussed the inviolate protections of the Fifth Amendment established this principle. And as Your Honor pointed out, the normal process, and the FTC and the government agrees with that process, is that it's submitted in camera to the district court judge. The district court judge determines whether a valid Fifth Amendment exists. That is exactly what happened here. The government challenged the Fifth Amendment, challenged it to the district court. Petitioner submitted in camera to the district court. And the district court, what's very important and overlooked by the government here, is that the district court upheld the Fifth Amendment, saying both it has a basis in fact and in law. Therefore, there's no question that the Fifth Amendment could be asserted. And that's the end. When the curtain goes down, it's over. It's an absolute privilege. What I take exception with, as the government's been arguing with respect to this issue. First, I take exception that this issue has nothing to do with Mr. Braswell being incarcerated or being free. There's no reason that this issue should be remanded. This issue is ripe for appeal. There is no remedy other than this issue. If Mr. Braswell is forced to disclose, he is lost. He's lost the privilege. The five factors under the Bowman test, the first and second, would be lost. It's an irreparable injury. But the scope of the disclosure of documents may be quite different if the case goes back. Is that correct? Yes, Your Honor. But I think what's happening here is we're getting mixed up between the two disclosure arguments. Right. The first disclosure argument, and I believe the government misstated the order of the court. The court did not tell Mr. Braswell to tell us the name of the crimes. The court ordered Mr. Braswell to provide the government in writing, which means it is not limited to the government, the FTC. It could go to prosecutorial agencies throughout the country in writing or otherwise. But in this case, it ordered it in writing. The factual basis, the general description of the Fifth Amendment, we'd have to give the factual basis for the assertion of the general propositions of the Fifth Amendment. As the court, Your Honor, pointed out, if there were a murder allegation in there, we'd have to give the factual basis for it. Okay. So if there's going to be any production of documents based on the Fifth Amendment, then this question is still going to be right. Exactly right. And if anything, the fact that Mr. Braswell is out of custody would tend to suggest that the scope of any production of documents would be greater, excuse me, would be less rather than greater, because he's presumably going to be involved in the act of producing documents. But the only way that the Fifth Amendment – I'm sorry, the Fifth Amendment piece would come into play even if the court were to deny any disclosure of documents. Correct, Your Honor. If the district court were to say on a reconsideration of Rule 60B, okay, I'll reconsider the act of production privilege issue. Right. Because he's out of custody now. What do I do with the documents? That would be a completely separate and distinct analysis from forcing Mr. Braswell to disclose the basis, the factual basis for the assertion. We have a live controversy even if there is a reconsideration of the act of production ruling to your client's benefit unless there's a settlement. That's correct. Okay. Yes, absolutely right. Getting into, I think, what else is important with respect to what the government tried to argue to this Court with respect to the disclosure of the basis of the Fifth Amendment argument, not the act of production privilege. With respect to that, the government says that the Neff case talks about the door being ajar. Well, the door was wide open in this case where Mr. Braswell put all the relevant information to the district court. And that's where the information needs to go. It doesn't go to the government, the very prosecutorial agency that would discover the issues to conduct their criminal investigation. Most importantly, Your Honor, the government tried to argue to this Court that there was a factual determination that certain things were not going to be incriminating. There was no such factual determination. If the Court looks at Judge Trebizion's ruling, what the sequence of events was, it first went to the magistrate judge. And then the district court judge, Judge Trebizion, affirmed the magistrate's ruling. In the district court's decision, the district court never at any point said something is not privileged or something is not incriminatory. The district court used its own balancing test, unheard of in any Fifth Amendment precedent. The district court's order specifically says, and I'm going to quote, Thus, given the nature of the disclosure and the FTC's prior knowledge, Judge Walsh, referring to the magistrate, correctly determined that the Fifth Amendment concerns are outweighed by the FTC's fairness concerns. It had no bearing at all with what the government tried to suggest to this court, that there was a factual determination of a waiver or a factual determination that it wouldn't be incriminatory. The single basis for the district court's and the clearly erroneous basis for the district court's ruling is the use of this balancing test, where they have upheld, the district court's upheld the Fifth Amendment, but says you'll have to disclose the factual basis for the Fifth Amendment to the FTC out of fairness. Do you think that's a question of law or a question of fact or a mixed question? Your Honor, I believe it's a question of law. What the court did was to impose a balancing test, that we're going to balance the Fifth Amendment rights versus fairness concerns, and I believe there is no precedent in any case for such a balancing test to be imposed. But there's no precedent in any case for saying that you can't do it. Well, Your Honor, I believe the cases of the Fifth Amendment say the Fifth Amendment is an absolute right. What's being balanced here, the court is treating the Fifth Amendment as a qualified right. But there's no absolute rule that says you can't require somebody to disclose the basis of a Fifth Amendment claim. I believe, Your Honor, the very nature of the Fifth Amendment says that. You're not, you cannot be compelled to disclose incriminatory evidence that would be used against you. That, no, that's a different statement. I agree with you. That is what the Fifth Amendment says. But the question of whether saying what crime it is that you're basing your assertion on is not absolutely, if so facto, an incriminating statement. It could be in the example that I gave. I mean, it could be. But is it always? And is there any case that says it's always? Your Honor, the case law under the Fifth Amendment is such under Hoffman and Castigar and all those cases say that any link in the chain that might provide, it doesn't have to provide. I would submit that there would be almost no circumstance where such a balancing test would work. But that talks, it sounds like a factual inquiry, at least to some degree. You have to decide if there's a link in the chain. This comes up in tax cases. I get them in the district court all the time. I can't give you my tax return because it would prove I didn't pay my income tax. So you have to establish the link in the chain. But that's a, the existence or nonexistence of a link in the chain is a fact. So how is it, how does it meet the Bowman test that the district court just completely blew it in this case? Well, Your Honor, the Bowman test applied here would establish that the district court's order using this balancing test is clearly erroneous. And the case law that says that you cannot be forced to give a link in the chain, any evidence that could be used to find other evidence would preclude the district court from ordering a defendant to tell the government the very nature of the factual basis for a crime.  Or just in this case? No, I believe always, Your Honor. I believe always because if the defendant were required to give to the government the factual basis for a crime, that very information by, by, by the, by its very definition is incriminatory. If I tell you there's a reasonable basis and the court used the factual basis for the crime. I'm sorry, Your Honor? Is that the term the court used in the order, the factual basis for the crime? A factual disclosure of the general basis for the assertion of the Fifth Amendment. That was the district court's order. Your Honor, such a balancing test, such a balancing test, balancing a Fifth Amendment right against the government's fairness interests would swallow the very Fifth Amendment. In fact, law enforcement could always point to a strong reason to get to the information. Well, the stronger the reason, the more likely you are to want to keep it confidential. Exactly. And that's the very underpinnings of the Fifth Amendment, to allow an individual to maintain his silence in the face of the whole thing. If it's law enforcement. I believe whether it's in any agency, Your Honor, the case law in the United States Supreme Court is clear that it applies. The Fifth Amendment applies in civil cases as well as criminal cases. The issue here is specifically, and I believe in any case would be dangerous, where the district court is compelling a petitioner to disclose incriminatory information in writing to anyone. But in this case, we have the federal government involved. I would disagree with Mr. Wagner's contention that the FTC is not a law enforcement agency. They have the ability to pursue under the FTC Act cases and issues and certainly make referrals to government agencies for law enforcement. The court's decision in this case to force the disclosure violates the Fifth Amendment and is clearly erroneous. I believe that the motions panel in considering the nature of the district court's determination that Mr. Braswell on this issue, and I believe the active production issue as well, made a substantial showing of probability of success. And that motions panel was correct. There is no basis for the district court to order, compel a petitioner in this case to make a disclosure that would incriminate him. All right. You expect that this will be we'll have an answer to this in 10 days, right? Your Honor, that's what I expect. The FTC has indicated that by the 16th of December they should have an answer. And you'll notify us immediately? Certainly, Your Honor. Your Honor, I don't know if I have time left or not. If I may have one more moment on that Fifth Amendment disclosure issue. It's important to note that the FTC in its own admission and the excerpt of record, I'm going to refer to page 635, the FTC wrote as part of its argument in the joint stipulation that the commission has no idea as to the basis for the current claim to the privilege against incrimination. The district court forcing, compelling the petitioner to disclose that information would be handing to the FTC the combination of the wall safe, giving them the incriminatory evidence. And that's the court. Thank you, counsel. Your Honor. Yes. The line share of this argument after I have one minute. We'll give you a minute. Give me a minute. I'm entitled to the rebuttal. I don't know. It's all my fault. Sorry. Your Honor, I just want to, I know lawyers always say this, but I just want to respond to one point. And that is his argument that the district court employed some sort of balancing when it assessed the Fifth Amendment claim here in this case. That's not what happened. In the district court's order, which is somewhere in the excerpts of record, it's docket number 451, the district court described in its own way what Magistrate Judge Walsh did, and he described it as some sort of balancing first. But then in the very next sentence, he went on to say Magistrate Judge Walsh determined that this disclosure, disclosure of the basis for asserting the Fifth Amendment privilege, will not give the FTC any new incriminating information. No new incriminating information. He made the factual determination that disclosing the basis in this instance, perhaps if there were a murder involved, perhaps if circumstances were different, he would have reached another determination. But in this case, he made the factual determination that there would be no incrimination from disclosing that basis. But how is that consistent with the representation that the FTC had no idea regarding why the assertion was being, why the Fifth Amendment was being asserted, if there would be no new information to the FTC? It's not that there's no new information to the FTC. It's that there's no new information that would result in any substantial incrimination. The Court recognized that this would be new information, but that's not enough. It has to be new information that would result in incrimination that's substantial and real, and that was the factual determination that the Court made. Thank you, Free and Jolt. I apologize. Thank you, both, very much. We will not submit the case at the moment, but we'll hear from you in about 10 days. Thank you.
judges: Reinhardt, Rawlinson, Fogel